UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD CORNEJO AND MARY CORNEJO, *PLAINTIFFS* | § § § § | |
| VS. | § § | CIVIL ACTION NO.: |
| EMJB, INC. AND IHAR SKARABRUKH, *DEFENDANTS* | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, RICHARD CORNEJO and MARY CORNEJO, Individually, hereinafter referred to by name or as Plaintiffs, and complain of EMJB, INC. and IHAR SKARABRUKH hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiff, RICHARD CORNEJO, is an individual that is a citizen of the state of Texas.

2. Plaintiff, MARY CORNEJO, is an individual that is a citizen of the state of Texas.

3. Defendant, IHAR SKARABRUKH is an individual and citizen of the state of New York and may be served with process at 6 Angela Drive, Apartment 2R, Brooklyn, NY 11223.

4. Defendant, EMJB, INC. is an Illinois corporation organized and existing under the laws of Illinois, whose principal office is located in Homer Glenn, Illinois and whose registered agent, Mantas Bliuvas, is located at 14007 S Bell Road, Homer Glenn, Illinois 60491, and can be served with process as authorized under FRCP 4(k)(1)(A) in accordance with the Texas long-arm statute

by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in Texas pursuant to Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045.

## II.
## JURISDICTION

5. The claims herein are brought against Defendants pursuant to 28 U.S.C. § 1332 for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of Defendants. The amount in controversy is over $75,000.00 excluding interest and costs. There is complete diversity in that Plaintiffs are citizens of Texas and Defendant EMJB, INC. is an Illinois corporation and Defendant IHAR SKARABRUKH is a citizen of New York.

## III.
## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.
## FACTS

7. On or about May 31, 2019, Plaintiff, RICHARD CORNEJO, was lawfully operating a 2017 Nissan Versa while traveling northbound in the right lane on IH 35, in McLennan County, Texas with MARY CORNEJO as a passenger. Defendant, IHAR SKARABRUKH, who was operating a tractor-trailer owned by Defendant, EMJB, INC., was traveling northbound in the middle lane on IH-35 in McLennan County, Texas, when he changed lanes when unsafe and struck the CORNEJOS' vehicle. At the time of the incident made the basis of this lawsuit, Defendant,

IHAR SKARABRUKH, was in the course and scope of his employment with Defendant, EMJB, INC. As a result of this collision, Plaintiffs, RICHARD CORNEJO AND MARY CORNEJO, sustained severe injuries and damages as further set out below.

8. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## V.
## CAUSES OF ACTION - DEFENDANT IHAR SKARABRUKH, INDIVIDUALLY

### A. *NEGLIGENCE*

9. Defendant, IHAR SKARABRUKH, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

10. Plaintiffs' injuries were proximately caused by Defendant, IHAR SKARABRUKH's negligent, careless and reckless disregard of said duty.

11. The Defendant, IHAR SKARABRUKH, operated the vehicle he was driving in a negligent manner because he violated the duty which he owed Plaintiffs to exercise ordinary care in the operation of the commercial motor vehicle in one or more of the following respects:

   a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. in failing to properly brake to come to a stop at a safe distance from Plaintiffs' vehicle;

   c. in failing to turn the vehicle in an effort to avoid the collision in question;

   d. in failing to blow horn warning of imminent danger;

   e. in changing lanes when unsafe;

12. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and gross negligence which proximately caused the

collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

### B. *NEGLIGENCE PER SE*

13. Defendant IHAR SKARABRUKH was negligent per se in failing to exercise the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE §545.060, pursuant to the Negligence Per Se Doctrine, which mandates that:

**§545.060 Driving on Roadways Laned for Traffic**

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

1) Shall drive as nearly as practical within a single lane; and

2) May not move from the lane unless that movement can be made safely.

### C. *GROSS NEGLIGENCE*

14. The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

15. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

16. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

17. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VI.
## CAUSES OF ACTION – EMJB, INC.

### A. *RESPONDEAT SUPERIOR*

18. The Defendant, EMJB, INC., is liable under the doctrine of Respondeat Superior in that Defendant, IHAR SKARABRUKH, INDIVIDUALLY, was operating the vehicle in the course and scope of his employment with Defendant, EMJB, INC. at the time of the collision.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, IHAR SKARABRUKH, was within the course and scope of his employment with Defendant, EMJB, INC.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, IHAR SKARABRUKH, INDIVIDUALLY, was engaged in the furtherance of Defendant, EMJB, INC.'s business.

21. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, IHAR SKARABRUKH, INDIVIDUALLY, was engaged in accomplishing a task for which Defendant, IHAR SKARABRUKH, INDIVIDUALLY, was employed.

22. Plaintiffs invoke the doctrine of *Respondeat Superior* against Defendant, EMJB, INC.

### B. *NEGLIGENCE*

23. Defendant EMJB, INC., was also independently negligent in one or more of the following respects:

a. failure to hire a qualified driver;
b. inadequate driver qualifications;
c. failure to train and supervise Defendant, IHAR SKARABRUKH;
d. improper and inadequate maintenance;
e. use of unsafe equipment;
f. negligent entrustment of the vehicle to of Defendant, IHAR SKARABRUKH;
g. negligent retention of Defendant, IHAR SKARABRUKH; and
h. negligent contracting.

24. As described herein, Defendant, EMJB, INC., was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

25. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiffs.

### C. GROSS NEGLIGENCE

26. The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

27. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

28. Defendant had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiffs and others.

29. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VII.
## DAMAGES

### A. *RICHARD CORNEJO*

30. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, RICHARD CORNEJO, suffered bodily injuries to his neck, shoulder, back, knee and other parts of his body generally. His body was bruised, battered and contused and he suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

31. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, RICHARD CORNEJO, was caused to incur the following damages:

    A. Physical pain and mental anguish sustained in the past;

    B. Physical pain and mental anguish that, in reasonable probability, will be

  sustained in the future;

  C. Loss of earning capacity sustained in the past;

  D. Loss of earning capacity, that, in reasonable probability, will be sustained in the future;

  E. Medical care expenses incurred in the past;

  F. Medical care expenses that, in reasonable probability, will be incurred in the future;

  G. Disfigurement sustained in the past;

  H. Disfigurement that, in reasonable probability, will be sustained in the future;

  I. Physical impairment sustained in the past; and

  J. Physical impairment that, in reasonable probability, will be sustained in the future.

### *B. MARY CORNEJO*

32. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, MARY CORNEJO, suffered bodily injuries to her neck and back and other parts of her body generally. Her body was bruised, battered and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the

nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

33. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, MARY CORNEJO, was caused to incur the following damages:

 A. Physical pain and mental anguish sustained in the past;

 B. Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

 C. Loss of earning capacity sustained in the past;

 D. Loss of earning capacity, that, in reasonable probability, will be sustained in the future;

 E. Medical care expenses incurred in the past;

 F. Medical care expenses that, in reasonable probability, will be incurred in the future;

 G. Disfigurement sustained in the past;

 H. Disfigurement that, in reasonable probability, will be sustained in the future;

 I. Physical impairment sustained in the past; and

 J. Physical impairment that, in reasonable probability, will be sustained in the future.

## VIII.
## INTEREST

34. Plaintiffs further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.

## DEMAND FOR JURY TRIAL

35. Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment of the required jury fee.

## X.
## PRAYER

36. Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon final hearing of this cause, judgement be entered for the Plaintiffs against Defendants jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

- A. Physical pain and mental anguish sustained in the past;
- B. Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;
- C. Loss of earning capacity sustained in the past;
- D. Loss of earning capacity, that, in reasonable probability, will be sustained in the future;
- E. Medical care expenses incurred in the past;
- F. Medical care expenses that, in reasonable probability, will be incurred in the future;
- G. Disfigurement sustained in the past;
- H. Disfigurement that, in reasonable probability, will be sustained in the future;
- I. Physical impairment sustained in the past;
- J. Physical impairment that, in reasonable probability, will be sustained in the

future;

K. Pre-judgment interest;

L. Post judgment interest; and

M. Exemplary damages.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF THOMAS J. HENRY
5711 UNIVERSITY HEIGHTS BLVD., STE. 101
SAN ANTONIO, TEXAS 78249
PHONE: (210) 656-1000
FAX: (361) 985-0601

BY: _____
RICHARD HUNNICUTT, III
Federal Admission No.: 17838
STATE BAR NO. 10279700
*rhunnicutt-svc@tjhlaw.com**
Service by Email to this address only*
