IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD CORNEJO, MARY CORNEJO, §<br>§<br>*Plaintiffs,* §<br>§<br>vs. §<br>§<br>EMJB, INC, IHAR SKARABRUKH, §<br>§<br>*Defendants.* § | SA-19-CV-01265-ESC |

# **ORDER**

Before the Court in the above-styled cause of action are Plaintiffs' Motion for Continuance of Hearing on Defendants' Motion for Partial Summary Judgment [#52] and Plaintiffs' Motion to Compel Defendant Ihar Skarabrukh to Respond to Plaintiffs' Second Set of Interrogatories and Second Set of Requests for Production and to Appear for a Second Deposition [#59]. The Court held a hearing on the motions on this day, at which all parties appeared through counsel. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written order.

Plaintiffs' motion for a continuance asks the Court to continue its ruling on Defendants' pending motion for partial summary judgment on Plaintiffs' gross negligence claim, as well as his negligent hiring, entrustment, retention, supervision, contracting, and maintenance claims and his unsafe equipment claim. Plaintiffs argue that there is additional discovery needed to be able to fully respond to Defendants' motion. Plaintiffs' motion to compel asks the Court to compel some of this outstanding discovery. The Court will grant the motion to compel in full and grant the motion for continuance in part.

1

## I.  Motion for Compel

The primary dispute between the parties concerns Plaintiffs' inability to gather information regarding Defendant Ihar Skarabrukh's cell phone use at the time of the collision underlying this suit.  Skarabrukh concedes that he was using a cell phone and had a Samsung tablet in his possession at the time of the collision, but he has been unable to produce either of his two cell phones or the Samsung tablet.  Skarabrukh claims these items were either lost or stolen.  Plaintiffs believe that data and information from Skarabrukh's cell phone and tablet will shed light on whether he was engaged in any inherently dangerous activity, such as using video chats, messaging apps, watching videos, texting or other usage that would constitute gross negligence while operating an 18-wheeler.

Plaintiffs served Skarabrukh with a Second Set of Interrogatories and Second Set of Requests for Production on May 28, 2021.  The time for Skarabrukh to respond to this discovery has expired, and Plaintiffs have not received any response.  Defense counsel explained to the Court at the hearing that Skarabrukh had been unresponsive to defense counsel's attempts to contact him for months but has finally made contact with counsel.  Defense counsel relayed to the Court that Skarabrukh is in the process of providing his responses to the outstanding interrogatories and requests for production.

The Court will therefore grant Plaintiffs' motion to compel and order Skarabrukh to respond to the written discovery within seven days of this Order.  The Court will also order Skarabrukh to appear for a second deposition on questions limited to the issue of the whereabouts of his cell phone and Samsung tablet and his use of these items leading up to and at the time of the collision within 30 days of this Order.  The Court warns Skarabrukh that further

failure to comply with his discovery obligations could result in sanctions, and failure to comply with this Order could result in him being held in contempt of court.

## II. Motion for Continuance

The Court will also grant Plaintiffs' motion for continuance in part in order to allow for Plaintiffs to depose Skarabrukh and prepare a supplemental response to Defendants' partial motion for summary judgment on Plaintiffs' claims of gross negligence. The Court will not, however, intervene with respect to Plaintiffs' request to conduct additional depositions in this case at this time, as Plaintiffs have not demonstrated that the depositions of other individuals would result in evidence that is likely to raise a genuine dispute of material fact on those claims addressed in Defendants' summary judgment motion.

Federal Rule of Civil Procedure 56(d) provides the following:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

A party moving for relief under Rule 56(d) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (internal quotation and citation omitted). In other words, the party must show how discovery could create a genuine issue of material fact. *Mitchell v. Sikorsky Aircraft*, 533 Fed. App'x 354, 358 (5th Cir. 2013). Importantly, the party seeking relief under Rule 56(d) must also demonstrate that she exercised due diligence in requesting and obtaining relevant discovery. *Id.*

Plaintiffs did not include an affidavit or declaration in support of their motion for continuance as required by Rule 56(d). Additionally, Plaintiffs have not been diligent in pursuing all of the discovery they claim is necessary to adequately respond to Defendants' motion, such as the depositions of an eyewitness and the responding officer, whose names have been in their possession since early in the discovery period. Plaintiffs waited to request these depositions until the discovery period had almost expired and trial was only three months away.

The only deposition the Court might permit is the deposition of "Anastasia," the woman with whom Skarabrukh was speaking on his cell phone at the time of the collision. At this juncture, however, Anastasia's surname and whereabouts remain unknown. After Plaintiffs depose Skarabrukh for a second time, they may petition for the Court for a motion to compel Anastasia's deposition, if they are both able to locate her and establish that her expected testimony might generate a material fact question on Plaintiffs' claims of gross negligence.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Continuance of Hearing on Defendants' Motion for Partial Summary Judgment [#52] is **GRANTED IN PART** as follows:

- Plaintiffs may file any supplemental response to Defendants' motion for partial summary judgment as to their claims of negligent hiring, entrustment, retention, supervision, contracting, maintenance, or unsafe equipment on or before **July 30, 2021**. Defendants may, but are not required, to file a supplemental reply on or before **August 6, 2021**.

- Plaintiffs may file any supplemental response to Defendants' motion for partial summary judgment as to their claims of gross negligence no later than **two weeks** after the date of the second deposition of Defendant Ihar Skarabrukh. Defendants may, but are not required, to file a supplemental reply within **seven days** of Plaintiffs filing this supplemental response.

- In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Defendant Ihar Skarabrukh to Respond to Plaintiffs' Second Set of Interrogatories and Second Set of Requests for Production and to Appear for a Second Deposition [#59] is **GRANTED** as follows:

- Defendant Ihar Skarabrukh is compelled to respond to Plaintiffs' Second Set of Interrogatories and Second Set of Requests for Production on or before **July 30, 2021**.

- Defendant Ihar Skarabrukh is compelled to appear for a second limited deposition as set forth in this Order on or before **August 23, 2021**.

- Defendant Ihar Skarabrukh is hereby warned that if he does not timely respond to the outstanding discovery or timely appear for his second deposition, he may face sanctions or may be held in contempt of Court.

**IT IS SO ORDERED.**

SIGNED this 23rd day of July, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE