IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD CORNEJO, MARY CORNEJO, § § § § *Plaintiffs*, § § vs. § § EMJB, INC, IHAR SKARABRUKH, § § *Defendants.* § | SA-19-CV-01265-ESC |

## ORDER ON PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Before the Court in the above-styled cause of action are Plaintiffs' Motion for Partial No-Evidence Summary Judgment on Defendant Ihar Skarabrukh's Affirmative Defenses [#56] and Plaintiffs' Motion for Partial No-Evidence Summary Judgment on Defendant EMJB's Affirmative Defenses [#57].

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. The undersigned has authority to enter this Order as all parties have consented to proceed before a magistrate judge [#10, #11, #26, #27]. *See* 28 U.S.C. § 636(c)(1).

In rendering this opinion, the Court has also considered Defendant Skarabrukh's response to Plaintiffs' motion for partial summary judgment [#68]. Defendant EMJB has not filed a response to Plaintiffs' motion for partial summary judgment as to his affirmative defenses, and the time to do so has expired.[1] *See* W.D. Tex. Loc. R. CV-7(e). For the reasons set forth below, the Court will **deny** Plaintiffs' motions with regard to Defendants' affirmative defenses based on

---

[1] This Court's Local Rules permit the granting of a motion as unopposed where there is no response within the time period prescribed by the rules. *See* W.D. Tex. Loc. R. CV-7(d). Nevertheless, because this is a dispositive motion, the Court will address the motion on its merits.

1

Mr. Cornejo's alleged contributory negligence and **grant as unopposed** the remainder of the motions.

## I. Background

This action arises out of a motor vehicle accident between a vehicle operated by Plaintiff Richard Cornejo and a tractor-trailer owned by Defendant EMJB, Inc., and operated by Defendant Ihar Skarabrukh. (Compl. [#1], at ¶ 7.) Plaintiff Mary Cornejo was a passenger in the vehicle at the time of the crash. (*Id.*) Plaintiffs filed this suit against both EMJB and Skarabrukh, alleging they sustained severe injuries caused by Defendants' negligence and seeking damages. (*Id.* at ¶¶ 7, 30–33.)

Plaintiffs assert claims of negligence against both Defendants and negligence *per se* against Skarabrukh. (*Id.* at ¶ 9–17.) They assert causes of action against EMJB based both on a theory of *respondeat superior* liability and direct negligence for negligent hiring, training, supervision, and entrustment. (*Id.* at ¶¶ 18–25.) Plaintiffs also allege Defendants' acts and omissions constituted gross negligence under Texas law. (*Id.* at ¶¶ 26–29.)

Defendants have asserted various affirmative defenses against these claims. (EMJB Answer [#7]; Skarabrukh Answer [#15].) Plaintiffs' motions for partial summary judgment seek summary judgment on Defendants' affirmative defenses of third-party and contributory negligence, arguing that there is no evidence of any negligence by any third party or by Plaintiffs that could have contributed to the legal injuries underlying their suit.

Several additional motions are pending in this case. Defendants have also filed a motion for partial summary judgment, seeking summary judgment as to Plaintiffs' claims of gross negligence, as well as Plaintiffs' direct negligence claims against EMJB [#49]. In response to the motion, Plaintiffs have filed a motion for sanctions against Defendants based on the alleged

spoliation of evidence, namely the alleged failure to preserve two cell phones, as well as their data, in Skarabrukh's possession at the time of the collision [#75].  Plaintiffs claim that they cannot adequately respond to Defendants' motion for partial summary judgment on the question of Skarabrukh's gross negligence without these records, as the basis of their claim of gross negligence is Skarabrukh's cell phone usage while operating the tractor-trailer.  As a remedy for the alleged spoliation, Plaintiffs ask the Court to deny Defendants' motion for partial summary judgment on gross negligence and impose sanctions in the form of a jury instruction regarding the destruction of evidence.  Finally, Plaintiffs have also filed a motion to exclude the testimony of Defendants' expert Dr. Scott Yates [#72].

In this Order, the Court only addresses Plaintiffs' motions for partial summary judgment on Defendants' affirmative defenses.  The Court will hear argument regarding Plaintiffs' *Daubert* and spoliation motions and how the resolution of these motions might affect the Court's ruling on Defendants' motion for partial summary judgment at the pretrial status conference scheduled for September 20, 2021, at 10:00 a.m.

## II.  Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### III. Analysis

Plaintiffs seek summary judgment on Defendants' affirmative defenses of third-party and contributory negligence. EMJB and Skarabrukh both plead the following affirmative defense pertinent to Plaintiffs' motions:

> 36.1  Defendant affirmatively pleads and asserts that no conduct of Defendant proximately caused Plaintiffs' alleged injuries and damages, if any.
>
> 36.2  Defendant affirmatively asserts and pleads that Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by the acts or omissions of persons or entities over whom Defendant exercised no control and for whose acts or omissions Defendant cannot be held responsible.
>
> 36.3  Defendant affirmatively asserts and pleads that it is entitled to have the jury determine the percentage of responsibility of Plaintiffs, each defendant, each settling person, and each responsible third party, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.003, and to have Defendant's liability, if any, reduced accordingly. Defendant specifically reserves its right, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.004, to designate any responsible third parties that may be identified during the course of this litigation.

(EMJB Answer [#7], at ¶¶ 36.1–36.3; Skarabrukh Answer [#15], at ¶¶ 36.1–36.3.)

  A plaintiff obtains summary judgment on an affirmative defense by disproving the existence of any essential element of the opposing party's defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The parties agree that Texas law governs this diversity action.

  Under Texas law, contributory negligence "allows a negligent defendant to defeat the plaintiff's recovery either partially or completely, depending on the percentage of the plaintiff's responsibility." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 156 (Tex. 2015). "The defense of contributory negligence requires findings that the plaintiff was negligent and that the plaintiff's negligence was a proximate cause of the injury or damages." *Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223 (Tex. 1988). Negligence requires proof of a duty of care, breach of that duty, and injury proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

  The Texas Civil Practices & Remedies Code addresses the trier of fact's determination of percentage of responsibility with respect to each person's causing or contributing cause in any

5

way to the harm for which the recovery of damages is sought, which includes both the parties and responsible third parties designated under Section 33.04. *See* Tex. Civ. Prac. & Rem. Code § 33.003(a). "Under proportionate responsibility, the fact-finder apportions responsibility according to the relative fault of the actors, thus allowing a plaintiff to recover while reducing that recovery by the percentage for which the plaintiff is at fault." *Nabors Well Servs. v. Romero*, 456 S.W.3d 553, 559–60 (Tex. 2015). Section 33.003 "does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission." Tex. Civ. Prac. & Rem. Code § 33.003(b). In other words, there must at least be some evidence that another party was responsible for the injuries to have that party's responsibility determined by a jury. *B.T. Healthcare, Inc. v. Honeycutt*, 196 S.W.3d 296, 300 (Tex. App.—Amarillo 2006, no pet.)

Plaintiffs argue that Defendants cannot prevail on their defenses of third-party and contributory negligence because there is no evidence that any act of Plaintiffs or any third parties were the proximate cause of the accident or the alleged damages. In response to Plaintiffs' motion, Skarabrukh concedes that there is no responsible third party whose liability could be at issue in this case and that Plaintiff Mary Cornejo, as a passenger, is not at fault for the accident. (Resp. [#68], at 5.) Accordingly, the Court will grant as unopposed Plaintiffs' motions for summary judgment as to the affirmative defense of third-party negligence and contributory negligence as to Ms. Cornejo.

However, Skarabrukh maintains that there is evidence of Plaintiff Richard Cornejo's comparative fault that precludes summary judgment on his affirmative defense regarding Mr. Cornejo's contributory negligence. The Court agrees that there is evidence from which the jury

could apportion a percentage of fault to Richard Cornejo; thus, Plaintiff has failed to disprove any essential element of Defendants' affirmative defense.

Plaintiffs' theory of their case is that Skarabrukh changed lanes without ensuring that the right lane was clear, due in part to cell phone use, and struck their vehicle rendering it inoperable. (Mot. [#56], at 1–2.) Yet Skarabrukh testified in his deposition that immediately preceding the collision, he had moved from the right lane to the middle lane of the freeway to pass a slower tractor-trailer, but when he attempted to move back in the righthand lane, Plaintiffs were "passing [him] on the right [and] were moving too fast." (Skarabrukh Dep. [#68-1], at 52:11–24.) Skarabrukh also testified that he had seen Plaintiffs change lanes "two or three times" behind him before their vehicle "ran into [his] truck." (*Id.* at 59:21–60:2, 70:23–24.) Thus, Skarabrukh's rendition of the facts is that it was the speed of Plaintiffs and their own negligence in changing lanes that caused them to collide with him as he changed lanes, not the other way around.

Plaintiffs' depositions provide some support for Skarabrukh's theory. Richard Cornejo testified in his deposition that there were "a lot of barriers" and "a lot of construction," as well as "a lot of traffic" at the time of the accident. (R. Cornejo Dep. [#68-1], at 29:22–30:2.) According to Mr. Cornejo, Plaintiffs were in the right lane and did not see Skarabrukh's tractor-trailer until he entered their lane and they saw the trailer striking their vehicle first. (*Id.* at 33:13–15; 35:1–4; 36:22–24; 36:7–8; M. Cornejo Dep. [#68-1], at 28:20.)

Determining the degree, if any, that the parties' respective negligence proximately caused a plaintiff's damages is generally within the province of the jury. *Miller v. McCarty*, 323 S.W.3d 612, 617 (Tex. App.—Texarkana 2010, no pet.). The Court agrees with Skarabrukh that based on the parties' deposition testimony a jury could conclude that Mr. Cornejo was not paying

attention to his surroundings and maintaining a proper lookout and therefore did not see Skarabrukh moving into the right lane. "Under Texas law, all persons have the duty to maintain a proper lookout and to observe in a careful manner the traffic and general situation at and in the vicinity of an intersection." *Douglas v. Aguilar*, 599 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2020, no pet.) Accordingly, a jury could conclude that, even if Skarabrukh was negligent in some manner regarding the operation of his tractor-trailer, Mr. Cornejo also breached his duty to maintain a proper lookout, and that this breach was a contributing cause of the accident. Texas courts have recognized that the elements of negligence and proximate cause are inherently factual, making summary judgment typically inappropriate in cases involving contributory negligence. *Gallo v. Union Pac. R.R. Co.*, 372 F. Supp. 3d 470, 478 (W.D. Tex. 2019) (quoting *Moeller v. Fort Worth Capital Corp.*, 610 S.W.2d 857, 862 (Tex. App.—Fort Worth, 1980, writ ref'd n.r.e.); *see also Morales v. Craig*, No. 03-99-00553-CV, 2001 WL 617187, at *5 (Tex. App.—Austin June 7, 2001, no pet.). The Court similarly finds it inappropriate here.

The Court will therefore deny Plaintiffs' motion for summary judgment as to Skarabrukh's affirmative defense of the contributory negligence of Mr. Cornejo. Because Plaintiffs' claims against EMJB are premised in part on a theory of *respondeat superior* liability, the Court will also deny Plaintiffs' motion for summary judgment with respect to EMJB's same affirmative defense.

### IV. Conclusion

Having considered Plaintiffs' motions, any response thereto, as well as the entire summary judgment record in this case, the Court finds that genuine issues of material fact

preclude awarding Plaintiffs summary judgment on Defendants' affirmative defense as to the contributory negligence of Mr. Cornejo.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Partial No-Evidence Summary Judgment on Defendant Ihar Skarabrukh's Affirmative Defenses [#56] is **DENIED** with respect to Skarabrukh's affirmative defense of the contributory negligence of Richard Cornejo. In all other respects, the motion is **GRANTED AS UNOPPOSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial No-Evidence Summary Judgment on Defendant EMJB's Affirmative Defenses [#57] is **DENIED** with respect to EMJB's affirmative defense of the contributory negligence of Richard Cornejo. In all other respects, the motion is **GRANTED AS UNOPPOSED**.

SIGNED this 16th day of September, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE